UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RALPH MIPRO**                                                                                        **CIVIL ACTION**

**VERSUS**                                                                                                   **NO. 23-4934**

**STATE FARM FIRE AND**                                                                     **SECTION "B"(1)**
**CASUALTY COMPANY**

**ORDER & REASONS**

Plaintiff Ralph Mipro submitted a response to an order requiring him to have an attorney enrolled to represent him by September 9, 2024 or advise the court by the latter date with his intention to proceed pro se. Rec. Docs. 19 and 20. No attorney has enrolled as ordered despite Mr. Mipro's assertion in the foregoing response that Attorney Albert Nicaud would be retained as his new attorney. Further, Mr. Mipro has not stated an intention to proceed pro se as ordered. The latter order was the third attempt by the court to facilitate timely advancement of plaintiff Mipro's case. See Rec. Docs. 14 and 16.

Pursuant to Federal Rule of Civil Procedure (FRCP) 41(b) a district court may dismiss an action sua sponte for failure to prosecute, "with or without notice to the parties, incident to its inherent powers." *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir. 1982) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-33 (1962)). In addition to the provisions of FRCP 41, Rule 1 of the federal rules states the federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Here, plaintiff has repeatedly failed to <u>adequately</u> respond to court's orders causing this case, which was filed over a year ago, to remain stagnant without any discovery deadlines, pretrial or trial dates. After over a year without timely progression of the above-captioned matter due to plaintiff's failure to adequately respond to orders by the set response deadlines (Rec. Docs.

1

14, 16, and 20), the court reluctantly finds that plaintiff has failed to effectively prosecute his case warranting dismissal. However, allowing again for liberal construction of this unrepresented plaintiff's pleadings, the court will not dismiss the case with prejudice. Accordingly,

**IT IS ORDERED** that the above-captioned matter is **DISMISSED <u>WITHOUT PREJUDICE</u>. Plaintiff is given a FINAL opportunity to state his intentions to proceed pro se (in proper person without counsel) provided he files <u>no later than September 30, 2024</u> a motion to reconsider this dismissal order with that expressed intention. He is also reminded that under local court rules, that motion must also state whether the defendant's counsel of record opposes the motion to reconsider. FAILURE TO TIMELY COMPLY WITH THE FOREGOING DIRECTIVES SHALL LEAD TO DISMISSAL WITH PREJUDICE WITHOUT NEED OF FURTHER NOTICE.**

New Orleans, Louisiana, this 20th day of September, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE